**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MELANYS PAOLA MARTINEZ-MASS,<br>Petitioner,<br>v.<br>WARDEN, DELANEY HALL DETENTION FACILITY,<br>Respondent. | Civil Action No. 26-12483 (JXN)<br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

Before the Court is Petitioner Melanys Paola Martinez-Mass's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, alleging that her detention violates her constitutional rights. (ECF No. 1.) Petitioner seeks release from custody or a bond hearing under 8 U.S.C. § 1226(a). (*Id.*) On October 2, 2026, Respondent filed a letter submitting that Petitioner is lawfully detained under § 1226(a). (ECF No. 5.)

Petitioner, a citizen of Colombia, entered the United States at an unknown date and time. (ECF No. 1.) Petitioner was detained by Immigration and Customs Enforcement ("ICE") officers during a scheduled ICE check-in. (*Id.* at 2.)

On September 22, 2026, Petitioner filed the instant Petition arguing her detention violates her constitutional due process rights. (*See generally id.*) Respondents filed an expedited response submitting that Petitioner is lawfully detained under § 1226(a) and that, following a bond hearing, the immigration court has denied Petitioner's request for a change in custody status. (ECF No. 5.)

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court has jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on the petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

Petitioner is detained under Section 1226(a). Under 8 U.S.C. § 1226(a), the Government is authorized to detain, conditionally parole, or release an alien subject to removal proceedings prior to the issuance of a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018); *see also Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026) ("Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)).

"[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress . . . ." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). Accordingly, when the Government chooses to detain an alien, the alien may request a bond hearing before an immigration judge and appeal any adverse decision on his bond request to the Board of Immigration Appeals. *See, e.g., Borbot*, 906 F.3d at 278-79; *see also* 8 C.F.R. §

1236.1(d)(1) (alien detained under § 1226(a) "may, at any time before [a removal order] becomes final" request a bond hearing before an immigration judge). At a bond hearing under the statute, the alien bears the burden of proving that he is neither a danger to the community nor a flight risk. *Id.* at 279.

Petitioner has now received the required bond hearing and is lawfully detained under § 1226(a). *Zheng*, 826 F. Supp. 3d at 554. Because Petitioner has received the process owed to a non-citizen detained under § 1226, the Court will deny the Petition. Accordingly,

**IT IS**, on this 6th day of October 2026,

**ORDERED** that Petitioner's Petition (ECF No. 1) is **DENIED *without prejudice***; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** this case.

**JULIEN XAVIER NEALS**
**United States District Judge**